## NEW YORK SUPERIOR COURT

ROBERT W. BUTLER agt. ANNETTA GALLETTI.

Under an agreement by the defendant, a *danseuse*, to dance at the plaintiff's theatre, or where he shall prescribe, *with no negative or restrictive clauses*, the plaintiff, on an alleged breach of the agreement by the defendant, cannot have an *injunction* restraining the defendant from a violation thereof. (*Following the principles of the case of Fredericks* agt. *Mayer*, 13 *How. Pr. R.*, 566.)

THE plaintiff is proprietor of a music hall in Broadway, and the defendant is a danseuse.· The defendant was engaged by the plaintiff in her vocation, at $50 per week, but some misunderstanding occurring between the parties, she transferred her services to the Melodeon.   Plaintiff moves for an injunction.

Mr. BYRNE, *for the plaintiff.*
HALL & VANDERPOEL, *for the defendant.*

HOFFMAN, Justice.   The complaint sets forth the following agreement :

"R. W. Butler, of the city and county of New York, of the first part, and Annetta Galletti, of the same city and county, of the second part, witnesseth that the said Annetta Galletti, of the second part, agrees to dance at the Broadway Music Hall, or American Music Hall, or such place or places as the said party of the first part may require, for the term of six months, commencing on the 8th day of September, 1861, at the weekly salary of fifty dollars per week, payable on the usual salary days, accustomed to the establishment wherein performing.   The said party of the second part agrees to exercise her utmost abilities for the promotion of the exhibition wherein she may perform for the above specified term, and will conform to all the rules and regulations of said establishment.

" Given under my hand and seal this third day of June, 1861.

" Annetta Galletti,

" R. W. Butler,

" Jno. Sunsford."

It then alleges that the defendant, with the design and intent to avoid the said contract on her part, some time during last week entered into an agreement with one Lea, a proprietor or manager of the " Melodeon," a place of public amusement in Broadway, in said city, to appear and render her services as such dancer at said " Melodeon," and is advertised to dance there this evening.

Affidavits have been used by the defendant, and answering affidavits on the part of the plaintiff, upon the motion. They bear so slightly upon the questions, that I do not deem it necessary to comment upon them.  The case depends upon the agreement merely.  It is simply an engagement to dance at the plaintiff's theatre, or where he shall prescribe.  There are no negative or restrictive clauses.

The authorities were examined in *Fredericks* agt. *Mayer*, 13 *How.*, 566, and in 1 *Bosw.*, 227.  I am unwilling to hold, and do not think I am bound by the cases to hold, that where there are clear and absolute negative stipulations on the part of a party, upon a subject involving in part the exercise of intellectual qualities, and a special case of the impossibility or great difficulty of measuring damages is presented, that the jurisdiction to forbid the violation of such covenants does not exist.  But the present case is far from being one of such character, and falls within the authorities in our own state, in which an injunction has been refused.

Motion for injunction denied, and temporary injunction vacated, without costs.